UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-0094-TWP-MJD |
| ) | |
| CORIZON MEDICAL SERVICES, INDIANA ) | |
| DEPARTMENT OF CORRECTION, BRIAN ) | |
| SMITH, DR. RICHARD TANNER, KAYLA ) | |
| McDERMITT, LETIA LEWIS, SGT. CORK, ) | |
| SGT. DANIELS, and LT. THOMPSON, ) | |
| ) | |
| Defendants. ) | |

## ENTRY DISCUSSING COMPLAINT, DISMISSING INSUFFICIENT CLAIMS, AND DIRECTING FURTHER PROCEEDINGS

On November 18, 2013, Plaintiff Kevin Smith ("Mr. Smith") *pro se*, filed this action in the Marion Superior Court under Cause No. 49D13-1311-CT-041837, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. The matter was removed to federal court on January 21, 2014 (Dkt. 1) and is now before the Court for screening.

The Complaint alleges that while incarcerated at the Plainfield Correctional Facility, Defendants Sgt. Cork and Sgt. Daniels denied Mr. Smith's request for a bottom bunk even though he had a bottom bunk pass for an epilepsy disorder. On or about March 24, 2012, he fell out of the top bunk and was injured. Mr. Smith alleges he was denied proper medical treatment through June of 2012, causing long-term injuries. He also alleges retaliation, discrimination, and defamation of character as well as violations of his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

The Complaint names the following defendants, as identified on page 2 of the Preliminary Statement: Indiana Department of Correction, Corizon Medical Services,

Superintendent Brian Smith, Dr. Richard A. Tanner, Kayla McDermitt, LeTia Lewis, Sgt. Cork, Sgt. Daniels, and Lt. Thompson. (See Dkt. 1, Exh. 2.)

## I. LEGALLY INSUFFICIENT CLAIMS

The Court is required to conduct an initial screening of the complaint and to dismiss any action brought by a prisoner confined in any jail, prison, or other correctional facility with respect to prison conditions under 42 U.S.C. § 1983 or any other federal law if the Court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c)(1); 28 U.S.C. §§ 1915A and 1951 (e)(2). Although Mr. Smith is no longer a "prisoner" as defined by 28 U.S.C. § 1915(h), "district judges have ample authority to dismiss … transparently defective suits spontaneously, and thus save everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 762 (7th Cir. 2003). "[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008).

Some of the Mr. Smith's claims must be dismissed for failure to state a claim upon which relief can be granted, as discussed below:

a. The claim against the **Indiana Department of Correction is dismissed** because states and their agencies are not "persons" subject to suit pursuant to 42 U.S.C. § 1983 under the circumstances alleged in Mr. Smith's complaint. *Will v. Michigan Department of State Police,* 491 U.S. 58, 64 (1989).

b. The claim against **Superintendent Brian Smith is dismissed** for failure to state a claim upon which relief can be granted because the only factual allegations relating to Superintendent Smith are that Mr. Smith wrote to Superintendent Smith and informed

him of his problems with the medical department, but Superintendent Smith never responded. The Complaint does not allege any personal participation in any unlawful acts on the part of Superintendent Smith. Without personal liability, there can be no recovery under 42 U.S.C. § 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.") (internal citation omitted). "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy,* 593 F.3d 610, 622 (7th Cir. 2010). If an official, who is not otherwise responsible for allegedly unconstitutional conditions or actions, could be held liable upon being notified by the plaintiff, then a plaintiff could choose to bring any and all officials within the scope of liability simply by writing a series of letters. "[S]uch a broad theory of liability is inconsistent with the personal responsibility requirement for assessing damages against public officials in a § 1983 action." *Crowder v. Lash*, 687 F.2d 996, 1006 (7th Cir. 1982).

c. Mr. Smith's **claim of "discrimination" is dismissed** because his allegation that prison staff treated inmates who had fewer medical conditions than he did does not stand alone as a separate claim. Rather, this factual allegation may be treated as part of his claim that certain defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

d. Mr. Smith's state law claim of **defamation of character is dismissed** for failure to state a claim upon which relief can be granted**.** The factual allegations intended to support such a claim, that the conduct of the defendants was intentional, reckless, or done

3

with callous indifference to his constitutional rights, do not state a claim of defamation. *See Schrader v. Eli Lilly and Co.,* 639 N.E.2d 258, 261 (Ind. 1994) ("To maintain an action for defamation, a plaintiff must show a communication with four elements: 1) defamatory imputation; 2) malice; 3) publication; and 4) damages.").

e. Any claims based on the **Fourth, Fifth, and Fourteenth Amendments are dismissed** for failure to state a claim upon which relief can be granted. "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994 (internal quotations omitted); *see also Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) ("[C]onstitutional claims must be addressed under the most applicable provision.") (citing *Graham v. Connor,* 490 U.S. 386, 395 (1989)). The applicable constitutional standards associated with the plaintiff's claims are the First (retaliation) and Eighth Amendments (deliberate indifference to serious medical needs).

No partial final judgment shall issue as to the claims dismissed in this Entry.

## II. FURTHER PROCEEDINGS

a. Mr. Smith's claims that he was provided constitutionally inadequate medical care by Corizon Medical Services, Dr. Richard A. Tanner, Kayla McDermitt, and LeTia Lewis, and his claims of retaliation by these defendants in violation of the First Amendment **shall proceed**.

b. The Court takes judicial notice of the fact that the claims that **Sgt. Cork and Sgt. Daniels** denied Mr. Smith a bottom bunk even though he had a bottom bunk pass were

brought in a prior case, *Smith v. Corizon, et al.,* 1:12-cv-1208-SEB-MJD (S.D. Ind. May 31, 2013). The claim alleging that **Lt. Thompson** delayed or prohibited the provision of medical care by stating that there was nothing wrong with Mr. Smith and having him transported from medical to his dorm was also asserted in *Smith v. Corizon, et al.,* 1:12-cv-1208-SEB-MJD (S.D. Ind. May 31, 2013). All three claims were dismissed on summary judgment for failure to exhaust administrative remedies. The claims against these three defendants, Sgt. Cork, Sgt. Daniels, and Lt. Thompson, **shall also proceed**. These defendants continue to have **through February 28, 2014** by which to respond to Mr. Smith's Complaint.

**c.** Defendants Kayla McDermitt and LeTia Lewis have not appeared in this action. Mr. Smith shall have **through February 28, 2014** to demonstrate that he has perfected service of process on these defendants.

d. The Clerk shall **terminate on the docket** defendants Indiana Department of Correction and Superintendent Brian Smith.

**SO ORDERED.**

Date: 02/03/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kevin Smith
611 North Capital Avenue
Indianapolis, Indiana 46204

Jeb Adam Crandall
BLEEKE DILLON CRANDALL PC
jeb@bleededilloncrandall.com

Christina Marie Clark
OFFICE OF THE INDIANA ATTORNEY GENERAL
christina.clark@atg.in.gov

T. Allon Renfro, Jr.
OFFICE OF THE INDIANA ATTORNEY GENERAL
allon.renfro@atg.in.gov

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**